

Sharon L. Levine, Esq. (SL 2109)
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068-1072
(973) 597-2500
Attorneys for Debtor

FILED
JAMES J. WALDRON, CLERK
NOV 9 2000
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: | Chapter 11 |
| TELEBRANDS CORP., | Case No. 00-39548 (NLW) |
| Debtor. | |

### DEBTOR'S PLAN OF
### REORGANIZATION

118

# TABLE OF CONTENTS

Page

INTRODUCTION .............................................................................................................1

ARTICLE I - DEFINITIONS .............................................................................................1

ARTICLE II - CLASSIFICATION OF CLAIMS AND INTERESTS ...............................7

ARTICLE III - TREATMENT OF ADMINISTRATIVE AND TAX CLAIMS................8

   3.1    Administrative Claims ...........................................................................8

   3.2    Tax Claims .............................................................................................9

ARTICLE IV - TREATMENT OF CLASSES UNDER THE PLAN...............................9

   4.1    Satisfaction of Claims ...........................................................................9

   4.2    Class 1: Allowed Priority Claims ........................................................9

   4.3    Class 2: Claims of Rosenthal................................................................9

   4.4    Class 3. Claims of Azad.....................................................................10

   4.5    Class 4: Claims of Bax.......................................................................11

   4.6    Class 5: Unsecured Claims ...............................................................11

   4.7    Class 6: Equity Interests....................................................................12

   4.8    Full and Final Satisfaction .................................................................12

   4.9    Fractional Cents..................................................................................12

   4.10   De Minimus Payments.......................................................................12

ARTICLE V - CLASSES OF CLAIMS AND INTERESTS IMPAIRED AND
      ENTITLED TO VOTE.........................................................................12

   5.1    Impairment.........................................................................................12

   5.2    Unimpaired Classes............................................................................12

5.3     Impaired Classes..................................................................................................... 13

ARTICLE VI - MEANS FOR IMPLEMENTATION OF THE PLAN ........................................... 13

6.1     Bar Date for Objections to Claims ................................................................. 13

6.2     Unclaimed Property ........................................................................................ 13

6.3     Manner of Payments Under the Plan.............................................................. 13

6.4     Methods of Making Distributions Under the Plan .......................................... 13

6.5     Avoidance Power Actions ............................................................................... 14

6.6     Disputed Claims.............................................................................................. 14

ARTICLE VII - MANAGEMENT OF THE REORGANIZED DEBTOR...................................... 14

7.1     Post Confirmation Officers............................................................................. 15

7.2     Post Confirmation Board................................................................................ 15

ARTICLE VIII - EXECUTORY CONTRACTS AND UNEXPIRED LEASES............................... 15

8.1     Assumption of Executory Contracts and Unexpired Leases........................... 15

8.2     Cure of Defaults ............................................................................................. 17

8.3     Claims for Damages ....................................................................................... 17

8.4     Classification of Claims.................................................................................. 18

ARTICLE IX - EVENTS OF DEFAULT UNDER THE PLAN..................................................... 18

ARTICLE X - RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT............... 18

10.1    Jurisdiction of Bankruptcy Court................................................................... 18

ARTICLE XI - CONDICTION PRECEDENT TO CONFIRMATION AND
EFFECTIVENESS OF THE PLAN.............................................................. 20

11.1    Conditions to Confirmation ........................................................................... 20

11.2    Conditions to Effectiveness ............................................................................ 20

ARTICLE XII - DISCHARGE AND TITLE TO PROPERTY ......................................................... 20

    12.1   Discharge ......................................................................................................... 20

    12.2   Vesting of Property ......................................................................................... 21

ARTICLE XIII - MISCELLANEOUS PROVISIONS OF THE PLAN ......................................... 21

    13.1   Governing Law ................................................................................................ 21

    13.2   Headings ......................................................................................................... 21

    13.3   Severability ..................................................................................................... 21

    13.4   Revocation ...................................................................................................... 21

    13.5   The Failure to Satisfy a Confirmation Condition or an Effective Date Condition .. 22

    13.6   Time ............................................................................................................... 22

    13.7   Construction ................................................................................................... 22

    13.8   Amendments ................................................................................................... 22

    13.9   No Interest ...................................................................................................... 23

    13.10  No Attorneys or Professional Fees .................................................................. 23

    13.11  Amounts of Claims ......................................................................................... 23

    13.12  No Waiver of Discharge .................................................................................. 23

    13.13  Confirmation Over Objection .......................................................................... 23

    13.14  Exculpation .................................................................................................... 23

    13.15  Notices ........................................................................................................... 23

    13.16  Plan Controls Disclosure Statement ............................................................... 24

    13.17  Filing of Additional Documents ...................................................................... 24

    13.18  Reservation of Rights ...................................................................................... 24

13.19   Direction to a Party ................................................................................................ 24

13.20   Blank Ballots .......................................................................................................... 24

13.21   Release of Claims .................................................................................................... 25

13.22   Successors and Assigns ........................................................................................... 25

13.23   Setoffs .................................................................................................................... 25

## INTRODUCTION

Telebrands Corp. (the "Debtor") hereby proposes this Plan of Reorganization (the "Plan")
pursuant to the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et
seq.

## ARTICLE I - DEFINITIONS

Unless otherwise provided in this Plan, all terms used herein shall have the meanings
assigned to such terms in Title 11 of the United States Code. For the purposes of this Plan, the
following terms (which appear in the Plan in capitalized terms) shall have the meanings set forth
below, and such meanings shall be equally applicable to the singular and to the plural form of the
terms defined, unless the context otherwise requires.

1.1     "**Administrative Claim**" shall mean, and be the collective reference to, all costs and
expenses of administration of the Reorganization Case with priority under Bankruptcy Code
§507(a)(1), including, without limitation, costs and expenses allowed under Bankruptcy Code
§503(b), the actual and necessary costs and expenses of preserving the Estate of the Debtor, and
the indebtedness or obligations incurred or assumed by the Debtor and any fees or charges assessed
against the Estate of the Debtor under 28 U.S.C. §1930.

1.2     "**Allowed Claim**" shall mean a Claim which (i) has been scheduled by the Debtor
pursuant to Bankruptcy Rule 1007 and (a) is not scheduled as disputed, contingent or unliquidated,
or (b) is not a Claim as to which no proof of Claim has been filed; (ii) is a Claim as to which a timely
proof of Claim has been filed as of the Bar Date and no objection thereto, or application to
equitably subordinate or otherwise limit recovery, has been made; or, (iii) has been allowed by a
Final Order. An Allowed Claim shall not include interest on the amount of any Claim except with
respect to an Allowed Secured Claim as permitted by §506(b) of the Bankruptcy Code or as
specifically provided in the Plan.

1.3     "**Allowed [Class Designation] Claim**" or "**Allowed [Class Designation] Interest**"
shall mean an Allowed Claim or an Allowed Interest in the specified Class.

1.4    **"Allowed Priority Claim"** shall mean that portion of an Allowed Claim entitled to priority under §507(a) of the Bankruptcy Code exclusive of Allowed Tax Claims.

1.5    **"Allowed Secured Claim"** shall mean that portion of an Allowed Claim, equal to the value, as determined by the Bankruptcy Court pursuant to §506(a) of the Bankruptcy Code and Bankruptcy Rule 3012, of the interest of the Holder of the Allowed Secured Claim in the properties of the Debtor securing such Allowed Secured Claim.

1.6    **"Allowed Tax Claim"** shall mean that portion of an Allowed Claim which is entitled to priority under §507(a)(7) of the Bankruptcy Code.

1.7    **"Allowed Unsecured Claim"** shall mean any Allowed Claim which is not an Administrative Claim, not an Allowed Priority Claim, not an Allowed Secured Claim and not an Allowed Tax Claim.

1.8    **"Asset"** shall mean all of the right, title and interest of the  Debtor in and to property of whatsoever type or nature (real, personal and mixed) including property of the Estate as is defined in Bankruptcy Code Section 541, including any Cause of Action.

1.9    **"Azad"** shall mean Azad International, Inc.

1.0    **"Bankruptcy Code"** shall mean Title 11 of the United States Code, 11 U.S.C. §§101 et seq., together with all amendments, modifications and replacements as the same exist on any relevant date to the extent applicable to the Debtor's bankruptcy case.

1.11    **"Bankruptcy Court"** shall mean the United States District Court for the District of New Jersey with jurisdiction over this Reorganization Case and, to the extent of any reference made pursuant to 28 U.S.C. §157, the United States Bankruptcy Court for the District of New Jersey or any court having competent jurisdiction to enter the Confirmation Order.

1.12    **"Bankruptcy Rules"** shall mean the Rules of Bankruptcy Procedure, effective August 1, 1983, or the Federal Rules of Bankruptcy Procedure, effective August 1, 1991, in accordance with the provisions of section 2075, title 28, United States Code, as the same shall from time to time be amended.

1.13   **"Bar Date"** shall mean November 30, 2000, the date set by the Bankruptcy Court by which all Persons asserting a Claim or Interest must file a Proof of Claim or a Proof of Interest or be forever barred from asserting such Claim or Interest against the Debtor or its property, and from voting on the Plan and/or sharing in any distribution thereunder.

1.14   **"Bax"** shall mean Bax Global, Inc.

1.15   **"Business Day"** shall mean a day (i) other than Saturday, Sunday, legal holiday as defined in Section 13.6 hereof or other day on which commercial banks in the State of New Jersey are authorized or required by law to close or (ii) as defined in Bankruptcy Rule 9006(a).

1.16   **"Cash"** shall mean cash equivalents in certified or immediately available funds, including but not limited to bank deposits, checks and similar items.

1.17   **"Cause of Action"** shall mean all rights, claims, torts, liens, liabilities, obligations, actions, causes of action, avoiding powers, suits, proceedings, debts, contracts, judgments, damages and demands whatsoever in law or in equity, whether known or unknown, contingent or otherwise, that the Debtor now has.

1.18   **"Claim"** shall mean:

A.   a right to payment from the Debtor (including, without limitation, a guarantee) whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

B.   a right as against the Debtor to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.19   **"Class"** shall mean any group of Holders of Claims or Interests as specified in Article II of the Plan.

1.20   **"Committee"** shall mean the official committee of unsecured creditors appointed by the United States Trustee for the Debtor.

1.21    **"Confirmation Date"** shall mean the date on which the Confirmation Order is entered by the Bankruptcy Court. The Confirmation Date may be adjourned from time to time, by the Bankruptcy Court, without further notice other than the announcement of the adjourned date at the hearing to consider Confirmation of the Plan.

1.22    **"Confirmation Order"** shall mean the order of the Bankruptcy Court confirming the Plan, pursuant to Section 1129 of the Bankruptcy Code, and approving the transactions contemplated herein.

1.23    **"Creditor"** shall mean any person that is a Holder of a Claim against the Debtor that arose or is deemed to have arisen on or before the Filing Date with respect to the Debtor, including, without limitation, Claims of the kind specified in Bankruptcy Code Sections 502(b), 502(h) or 502(i).

1.24    **"Debtor"** shall mean Telebrands Corp.

1.25    **"Disbursing Agent"** shall mean the Debtor.

1.26    **"Disclosure Statement"** shall mean the Disclosure Statement for the Plan of Reorganization and exhibits thereto, filed pursuant to Bankruptcy Code Section 1125.

1.27    **"Disputed Claim"** shall mean a Claim against the Debtor to the extent that a proof of Claim has been timely filed or deemed timely filed under applicable law; and, as to which an objection has been or may be timely filed by the Debtor or by any other party-in-interest and which objection, if timely filed, has not been withdrawn on or before any date fixed for filing such objections by the Plan or order of the Bankruptcy Court, and has not been denied by a Final Order. Prior to the time that an objection has been or may be timely filed, for the purposes of the Plan, a Claim shall be considered a Disputed Claim to the extent that the amount of the Claim specified in the Proof of Claim exceeds the amount of the Claim scheduled by the Debtor in its Schedules of Liabilities as other than disputed, contingent or unliquidated.

1.28    **"Effective Date"** shall mean 20 days after the Confirmation Date provided that the Confirmation Order has become a Final Order. If the Confirmation Order has not become a Final

Order, then the Effective Date shall be when the Confirmation Order has become a Final Order unless the Debtor waives this condition in writing.

    1.29    **"Equity Interest" or "Interest"** shall mean collectively the shareholders or stockholders of the Debtor as of the Filing Date.

    1.30    **"Estate"** shall mean the estate of the Debtor created by Section 541 of the Bankruptcy Code.

    1.31    **"Executory Contract"** shall mean any executory contract or unexpired lease, subject to Bankruptcy Code §365 between the Debtor and any other Person, specifically excluding all of the contracts and agreements entered into pursuant to this Plan.

    1.32    **"Filed"** shall mean filed with the Bankruptcy Court in the Debtor's bankruptcy case.

    1.33    **"Filing Date"** shall mean September 29, 2000, the date the Debtor filed its bankruptcy petition.

    1.34    **"Final Order"** shall mean an order or judgment of the Bankruptcy Court as entered on the docket that has not been reversed, stayed, modified or amended and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has run or as to which any right to appeal, reargue, petition for certiorari or seek rehearing has been waived in writing in a manner satisfactory to the Debtor or, if an appeal, reargument, petition for certiorari, or rehearing thereof has been denied, and the time to take any further appeal or to seek certiorari or further reargument or rehearing has expired. Notwithstanding, and in lieu of the foregoing, insofar as the Confirmation Order confirming the Plan is concerned, Final Order means such order or judgment with respect to which no stay is in effect.

    1.35    **"Holder"** shall mean the owner or holder of any Claim or of any Interest.

    1.36    **"Initial Distribution Date"** shall mean the later of (i) 20 Business Days after the Effective Date or (ii) such other date as the Bankruptcy Court may order.

    1.37    **"Insider"** shall have the meaning assigned to such term in §101(31) of the Bankruptcy Code.

1.38   **"Person"** shall mean any individual, corporation, limited liability corporation, general partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, trust, unincorporated organization, government or any political subdivision thereof or other entity.

1.39   **"Plan"** shall mean this Plan of Reorganization (as the same may be from time to time, modified or amended by the Debtors in accordance with the Bankruptcy Code, the Bankruptcy Rules and this Plan) and any exhibits hereto and any documents incorporated herein by reference.

1.40   **"Priority Claim"** shall mean all Claims that are entitled to priority pursuant to Section 507(a) of the Bankruptcy Code and that are not Administrative Claims or Tax Claims.

1.41   **"Pro Rata"** shall mean, as to any distribution provided for by the Plan in respect of any Class of Claims, the allocation of the aggregate amount of such distribution to any Class in accordance with that percentage of the total of Allowed Claims in such Class that is represented by the Allowed Claim receiving the distribution.

1.42   **"Reorganization Case"** shall mean the Debtor's Chapter 11 case which is pending before the Bankruptcy Court.

1.43   **"Reorganized Debtor"** shall mean the Debtor after the Confirmation Date.

1.44   **"Rosenthal"** shall mean Rosenthal & Rosenthal, Inc.

1.45   **"Secured Claim"** shall mean a Claim secured by a lien or security interest on any Asset, which lien or security interest is valid, perfected and enforceable and is not subject to avoidance under the Bankruptcy Code or under other applicable non-bankruptcy law, but only to the extent that such Claim does not exceed the value of the Asset securing such Claim.

1.46   **"Tax Claim"** shall mean a Claim of the kind specified in Section 507(a)(7) of the Bankruptcy Code, whether or not such Claim would be entitled to priority under that Section.

1.47   **"Unsecured Claim"** shall mean any claim which is not an Administrative Claim, not a Secured Claim, not a Priority Claim and not a Tax Claim.

## ARTICLE II - CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims and all Interests, as defined herein and in Section 101(5) of the Bankruptcy Code against the Debtor, of whatever kind or nature, whether or not scheduled or liquidated, absolute or contingent, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan and are hereby classified as follows.

2.1     **Classification of Claims.**   Section 2.2 sets forth the designation of Classes of Claims. A Claim is classified in a particular Class for voting and distribution purposes only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class or Classes to the extent any remainder of the Claim qualifies within the description of that different Class or Classes. Unless otherwise provided, to the extent a Claim qualifies for inclusion in a more specifically-defined Class and a more generally-defined Class, it shall be included in the more specifically-defined Class.

2.2     **Classes.**   For purposes of this Plan, those Persons holding Claims and Interests against the Debtor are grouped in accordance with Section 1122(a) of the Bankruptcy Code.

A.   Class 1: Allowed Priority Claims.   This Class consists of all Allowed Priority Claims other than Claims of taxing authorities entitled to priority under Bankruptcy Code §507(a)(1) or (7).

B.   Class 2: Consists of the Claims of Rosenthal.

C.   Class 3: Consists of the Claims of Azad.

D.   Class 4: Consists of the Claims of Bax.

E.   Class 5: Consists of Unsecured Claims.

F.   Class 6: Consists of Equity Interests.

# ARTICLE III - TREATMENT OF ADMINISTRATIVE AND TAX CLAIMS

3.1    **Administrative Claims.**

A.    <u>Administrative Claims.</u>  All costs or expenses of administration related to the Debtor's bankruptcy case from the commencement of the bankruptcy case, which include, without limitation, fees and expenses of all attorneys, accountants, appraisers, consultants, and all other professionals retained by the Debtor, all post-petition claims, expenses and payables, and all other administration expenses, shall be paid by the Reorganized Debtor (i) in cash on the Initial Distribution Date, or (ii) within ten (10) days after an Order of the Bankruptcy Court approving and allowing the appropriate fee applications becomes a Final Order unless such Holder shall agree to different treatment of its Claim; provided, however, that Administrative Claims representing obligations incurred in the ordinary course of the Debtor's businesses shall be paid or performed in accordance with the terms of such agreement(s) relating thereto.  No interest shall be paid on any Administrative Claim unless expressly allowed by a Final Order of the Bankruptcy Court.

B.    <u>Applications for Professional Fees.</u>  All applications for professional fees for services rendered and reimbursement of expenses in connection with the Reorganization Case prior to the Effective Date are Administrative Claims and shall be filed with the Bankruptcy Court within ninety (90) days after the Effective Date.  Any application not filed within ninety (90) days after the Effective Date shall be barred from receiving payment on account thereof.  The Reorganized Debtor shall promptly pay or cause payment of professional fees for services rendered prior to the Confirmation Date in accordance with paragraph 3.1(A) above on the Effective Date or, if pending on or filed after the Effective Date, when allowed by a Final Order of the Bankruptcy Court.  Professional fees of the Reorganized Debtor for services rendered in connection with the Reorganization Case after the Confirmation Date, including those relating to the resolution of Disputed Claims, and all expenses of the Disbursing Agent, shall be paid by or caused to be paid by the Reorganized Debtor upon the submission of invoices without the requirement of Bankruptcy Court approval.  Any objection(s) thereto not amicably resolved shall be adjudicated by the Bankruptcy Court.

3.2 **Tax Claims.** All Tax Claims shall be paid by the Reorganized Debtor their Allowed amount over a period of six years from the date of assessment thereof or the Effective Date, whichever is later, in equal consecutive quarterly payments commencing on the Effective Date pursuant to Bankruptcy Code §1129(a)(9). Said Tax Claims may be prepaid at any time without penalty. Interest on Allowed Tax Claims shall be paid at the rate of 8.25% per annum.

To the extent that any federal, state or municipal taxing authorities asserts a claim for taxes owed as a result of transfers made pursuant to the Plan, any such Allowed Tax Claim shall be paid by the Debtor over six years in equal consecutive quarterly payments commencing on the later of the Effective Date or the date as which an Order allowing such claim(s) becomes a Final Order.

## ARTICLE IV - TREATMENT OF CLASSES UNDER THE PLAN

4.1    **Satisfaction of Claims.** The treatment of and consideration to be received by Holders of Allowed Claims pursuant to this Article IV of the Plan shall be in full satisfaction, release and discharge of their respective Claims against the Debtor.

4.2    **Class 1: Allowed Priority Claims.** Each Holder of an Allowed Priority Claim shall receive 100% of the Allowed amount of such Claim in Cash on the later of the date on which such Allowed Priority Claim is due and payable or in accordance with the terms of its written agreement with the Debtor.

4.3 **Class 2: Claim of Rosenthal.** Rosenthal's Claim shall be satisfied as follows:

A.    The payment of the Claim and the provision and satisfaction of any additional financial accommodations by Rosenthal shall be consistent with the terms of the factoring agreement dated April 6, 2000, Security Agreement and Mortgage, as amended from time to time.

B.    Rosenthal shall retain its current lien on the Debtor's assets.

C.   Upon payment in full of the Claim and all other accommodations provided by Rosenthal to the Reorganized Debtor, Rosenthal shall execute all documents reasonably necessary to release liens, claims and impairments on all collateral, including, without limitation, UCC-3 Termination Statements, discharges of mortgages and releases for filing with the appropriate authorities.

D.   So long as there is no default by the Debtor in the payment terms, from the Confirmation Date through the Effective Date, the Debtor is authorized to factor accounts receivable and use cash collateral in  accordance with the most recent order authorizing the Debtor to factor accounts receivable with Rosenthal and for related relief, if in effect.  If such an order shall not be in effect at the Confirmation Date, to the extent not inconsistent with any order issued by the Bankruptcy Court prior to the Confirmation Date, the Bankruptcy Court shall authorize the Debtors to factor accounts receivable and use cash collateral to the Effective Date.

4.4   **Class 3:  Claim of Azad.** Azad's Claim shall be satisfied as follows:

A.   The payment of the Claim and the provision and satisfaction of any additional financial accommodations by Azad including, without limitation, the provision of a line of credit with availability of up to $5 million shall be consistent with the terms of the existing loan documents as amended from time to time.  Azad shall make a line of credit available to the Debtor of up to $5,000,000 inclusive of its existing debt and claim.  The reorganized Debtor shall remain current on the debt service for all post petition ordinances, but shall not use any post petition advances from Azad to pay or reduce Azad's pre-petition claim

B.   Azad shall retain its current lien on the Debtor's assets.

C.     So long as there is no default by the Debtor in the payment terms, from the Confirmation Date through the Effective Date, the Debtor is authorized to use financing and use cash collateral in  accordance with the most recent order authorizing the Debtor to factor accounts receivable with Rosenthal and for related relief, if in effect.  If such an order shall not be in effect at the Confirmation Date, to the extent not inconsistent with any order issued by the Bankruptcy Court prior to the Confirmation Date, the Bankruptcy Court shall authorize the Debtor's to borrow funds from Azad and use cash collateral to the Effective Date.

D.     Upon payment in full of the Claim and all other accommodations provided by Rosenthal to the Reorganized Debtor, Azad shall execute UCC-3 Termination Statements for filing with the appropriate authorities.

4.5  **Class 4:  Claims of Bax.** The Claims of Bax shall be satisfied as follows.

A.     With respect to the secured portion of the Claim, if any, Bax shall retain the liens securing such Claim having a present value equal to the value of Bax's collateral with the same validity and priority enjoyed prior to and during the Reorganization Case, and shall receive deferred cash payments in equal monthly installments of principle and interest at 8% per annum totaling the Allowed amount of Bax's Secured Claim amortized over 30 years with a balloon payment due on the seventh annual anniversary of the Initial Distribution Date.  The Allowed amount of the Bax Secured Claim shall be either agreed upon by the Debtor and Bax or, in the event the Debtor and Bax do not agree on the Allowed amount of the Bax Secured Claim, the Allowed amount of the Bax Secured Claim shall be decided by the Bankruptcy Court at or before the Confirmation Hearing.

B.     The Allowed amount of Bax Unsecured deficiency Claim, if any, shall be treated as a Class 5 Unsecured Claim.

4.6  **Class 5:  Unsecured Claims.** The Holders of an Allowed Unsecured Claim shall receive their pro rata share of 1% of the Reorganized Debtor's net sales up to $60 million per annum

and 1 1/2% of net sales over $60 million per annum for the Reorganized Debtor's fiscal years 2001, 2002, 2003, 2004, 2005 and 2006, payable annually three months following the end of each fiscal year. In addition, the Debtor shall distribute any and all preference action recoveries under Bankruptcy Code §547 to the holders of Allowed Unsecured Claims, net of attorneys fees and costs.

**4.7  Class 6: Equity Interests.** The Debtor's shareholders shall retain their Interests in the Debtor unaffected by the Plan.

**4.8     Full and Final Satisfaction.** All payments and all distributions hereunder shall be in complete and full and final satisfaction, settlement, release and discharge of all Claims of any kind or nature whatsoever known or unknown, from the beginning of time through the Confirmation Date against the Debtor.

**4.9     Fractional Cents.** Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (rounding down in the case of .5).

**4.10    De Minimis Payments.** No payment shall be required to be made to the Holder of a Claim under this Plan unless the amount of the payment is at least $25.00.

## ARTICLE V - CLASSES OF CLAIMS AND INTERESTS IMPAIRED AND ENTITLED TO VOTE

**5.1     Impairment.** In the event of any issue or controversy regarding whether a Claim or Interest is impaired or unimpaired, the Bankruptcy Court shall determine whether the Allowed Claim, Allowed Interest, Class of Allowed Claims or Class of Allowed Interest is impaired or is unimpaired.

**5.2     Unimpaired Classes.** Allowed Claims in Classes 1, and 2 are not impaired under the provisions of the Plan. The Debtor is not soliciting acceptances from Holders in these Classes because, under Section 1126(f) of the Bankruptcy Code, Claims and Interests in these Classes are conclusively presumed to have accepted the Plan.

5.3    **Impaired Classes.** Allowed Claims in Classes 3, 4, 5 and 6 are impaired under the provisions of the Plan. The Debtor is soliciting acceptances and/or rejections from the Holders of Allowed Claims and Interests in these Classes.

## ARTICLE VI - MEANS FOR IMPLEMENTATION OF THE PLAN

6.1    **Bar Date for Objections to Claims.** Unless an earlier or later time is set by Order of the Bankruptcy Court, all objections to Claims shall be filed by the later of sixty (60) days after the Confirmation Date or sixty (60) days after a particular proof of claim is filed.

6.2    **Unclaimed Property.** Any Cash, including interest earned thereon (if any), that is unclaimed for a period of ninety (90) days after distribution thereof by mail to the latest known mailing address Filed by or for the Person entitled thereto (or to the last mailing address maintained in the records of the Debtor) shall revest in the Reorganized Debtor.

6.3    **Manner of Payments Under the Plan.** At the option of the Disbursing Agent, any Cash payment to be made pursuant to the Plan may be made by check or wire transfer or as otherwise required or provided for in any applicable agreement.

6.4    **Methods of Making Distributions Under the Plan.**

A. **Cash Distributions to Holders of Allowed Claims.** The Reorganized Debtor shall be the Disbursing Agent and the Disbursing Agent shall make the distributions under the Plan.

B. **Qualification.** No Person other than the Debtor shall be authorized by the Bankruptcy Court to serve as Disbursing Agent unless and until (a) that Person executes and files a statement with the Bankruptcy Court (i) agreeing to perform all of the duties of the Disbursing Agent under the Plan and (ii) consents to the jurisdiction of the Bankruptcy Court in respect to all matters relating to the performance of its duties as the Disbursing Agent under the Plan, and (b) the Debtor consents in writing to that Person serving as Disbursing Agent.

C. **Compliance with Tax Requirements.** In connection with the Plan, to the extent applicable, the Distributing Agent in making distributions under the Plan shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all

distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. The Disbursing Agent may withhold the entire distribution due to any Holder of an Allowed Claim until such time as such Holder provides to the Disbursing Agent the necessary information to comply with any withholding requirements of any governmental unit. Any property so withheld will then be paid by the Disbursing Agent to the appropriate authority. If the Holder of an allowed Claim fails to provide to the Disbursing Agent the information necessary to comply with any withholding requirements of any governmental unit within six months from the date of first notification by the Disbursing Agent to the Holder of the need for such information or for the Cash necessary to comply with any applicable withholding requirements, then the Holder's distribution shall be treated as an undeliverable Distribution in accordance with Section 6.2 of the Plan.

6.5    **Avoidance Power Actions.** The Debtor reserves the right to commence avoidance power action to recover preferences under Bankruptcy Code §547 or fraudulent transfers under Bankruptcy Code §544 and 548.

6.6    **Disputed Claims.** There shall be reserved from any distribution the amount of the distribution which would be paid in respect of a Disputed Claim if it were deemed to be an Allowed Claim, or such lesser amount as the Bankruptcy Court may determine. After the Disputed Claim(s) have been resolved by a Final Order of the Bankruptcy Court, all sums due and owing on account of the Allowed Claim(s) shall promptly be disbursed by the Disbursing Agent.

6.7    **Capital Contribution.** The Debtor's shareholders shall contribute $1,000,000 in funds to the Reorganized Debtor on or before the Effective Date. In the shareholders' sole discretion, the funds may be contributed as loans, repayments of loans, capital contributions or otherwise.

## ARTICLE VII: MANAGEMENT OF THE REORGANIZED DEBTOR

7.1    **Post Confirmation Officers.** Ajit Khubani will be the Debtor's post-Confirmation Chief Executive Officer. The Reorganized Debtor shall operate its business and property in accordance with all applicable law and in a manner designed to maximize the value of the Debtor's

assets. It is anticipated that, as of the Effective Date, the officers and directors of the Reorganized Debtor and their respective annual salaries will be as follows:

| NAME | TITLE | ANNUAL SALARY |
|------|-------|---------------|
| Ajit Khubani | Chief Executive Officer | Approximately $140,000 |

7.2    **Post Confirmation Board.**  As of the Effective Date, the Reorganized Debtor shall be governed by a three member board of directors, consisting of Ajit Khubani, a member of the Committee and an independent person who is neither an Insider, creditor nor party in interest in the Reorganization Case.  The Reorganized Debtor shall maintain director and officer insurance with reasonable coverage limits for a business of its size.

## ARTICLE VIII - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

8.1   **Assumption of Executory Contracts and Unexpired Leases.**    The Debtor shall assume the following Executory Contracts effective upon the entry of the Confirmation Order:

| Non-Debtor Party | Description | Cure Amount |
|---|---|---|
| MINOLTA MI 0983<br>ONE INTERNATIONAL BLVD 10TH FL<br>MAHWAH, NJ 07430-0631 | PHOTOCOPY EQUIPMENT<br>LEASE #4489153<br>LEASE #4489154 | $0.00 |
| LUCENT RM 5616<br>5 WOODHOLLOW ROAD 2ND<br>FL.PARSIPPANY, NJ 07054 | E900129<br>61 MONTH - DEFINITY G351<br>48 MONTH - INTUITY WITH SYSTEM | $0.00 |
| MERCEDES ME 4090<br>P.O. BOX 530052<br>ATLANTIC, GA 30353 | 2000 MERCEDES | $0.00 |
| WORLD OMNI FINANCIAL<br>P.O. BOX 96014<br>CHARLOTTE, NC 28206 | 1998 MERCEDES 500 | $0.00 |
| XEROX ZX0001<br>P.O. BOX 827598<br>PHILADELPHIA, PA 19182 | 4050 PRINTER | $0.00 |
| COPELCO CO0528<br>ONE INTERNATIONAL BLVD<br>MAHWAH, NJ 07430-0631 | MINOLTA FAX | $0.00 |
| CHRYSLER FIN CH5487<br>580 WHITE PLAINS RD<br>TARRYTOWN, NY 10591 | 1999 DODGE CARAVAN | $0.00 |
| PITNEY BOWES ZP0001<br>P.O. BOX 85460<br>LOUISVILLE, KY 40285-5460 | 2560852 - PARAGON EQUIPMENT<br>7456114 - DICTATION EQUIPMENT<br>0625576 - MAIL MACHINE | $0.00 |
| FILTERFRESH FI5646<br>204 COLUMBUS AVE<br>ROSELLE, NJ 07203 | WATER COOLER RENTAL | $0.00 |
| UNITY BUILDERS<br>379 FIFTH AVE, 2ND FL.<br>NEW YORK, NY 10016 | 10810000 - GENERAL CLEANING | $0.00 |
| THINK TEK<br>120 LITTLETON ROAD<br>PARSIPPANY, NJ 07054 | EXCLUSIVE LICENSE AGREEMENT<br>BOOGIE BASS, US AB FORCE & 1ST COIN MAP | $0.00 |
| IBS<br>79 TWO BRIDGES ROAD<br>FAIRFIELD, NJ 07004 | LEASE TO 2ND FLOOR | $0.00 |
| CSJ LLC<br>81 TWO BRIDGES ROAD<br>FAIRFIELD, NJ 07004 | LEASE FOR OFFICE SPACE | $0.00 |

Any Executory Contracts not assumed by Confirmation shall be deemed rejected and disaffirmed as of the Confirmation Date, unless previously assumed and/or rejected pursuant to a prior order of the Bankruptcy Court.

8.2     **Cure of Defaults.**  As to any Executory Contracts Leases assumed pursuant to this Article VIII, the Reorganized Debtor shall, pursuant to the provisions of Bankruptcy Code §1123(a)(5)(G), cure all defaults existing under and pursuant to such Executory Contract or Unexpired Lease by paying the cure amount, if any, listed above or as fixed by Order of the Bankruptcy Court at or before the Confirmation hearing.  Payment of such cure amount shall be in full settlement, satisfaction, release, discharge and cure of all such defaults (including any other Claims filed by any such party as a result of such defaults) under the Executory Contract or Unexpired Lease, unless the Bankruptcy Court shall determine the amount due and owing in respect of the defaults is different from any Claims.  Payment of such Claims shall be made by the Reorganized Debtor on the Initial Distribution Date.  If no cure amount is listed, none is due.

8.3  **Claims for Damages.**  Each Person who was a party to an Executory Contract which is rejected pursuant to this Article VIII shall be entitled to file, not later than twenty (20) days after such rejection by a Final Order, a proof of Claim for damages alleged to have arisen from the rejection of the Executory Contract to which such Person is a party.  Objections to any proof of Claims shall be filed by the Debtor by not later than sixty (60) days after such proof of Claim is filed. In the event that an objection if filed, the Bankruptcy Court shall determine the amount due and owing to the Person that filed the Proof of Claim.  Distribution(s) and payment(s) on account of such Claims consistent with the distribution(s) and payment(s) received or to be received by Holders of other Claims in the Classes into which such Claims are identified, as determined by this Section 8.3 of this Article VIII, shall be made on the later of (i) ten (10) Business Days after the expiration of the sixty (60) day period for filing an objection in respect of any proof of Claim filed pursuant to this Section 8.2, or (ii) ten (10) Business Days after the Claim has been Allowed by a Final Order provided that no such payment shall be made before the Initial Distribution Date.

8.4  **Classification of Claims.** Allowed Claims arising from the rejection of an Executory Contracts and/or an Unexpired Lease shall be treated in Class 5 of the Plan.

## ARTICLE IX - EVENTS OF DEFAULT UNDER THE PLAN

The following shall constitute events of default under the Plan:

The Reorganized Debtor shall fail to make any payment when due as required under this Plan and (i) written notice of the default is provided to the Reorganized Debtor, and (ii) thirty (30) days have elapsed without the payment having been made.  Creditors' rights and remedies upon default shall be governed by the Bankruptcy Code and, if applicable, New Jersey law.

A default in payment as to a particular Class under the Plan shall not constitute a default under the entire Plan, but only as to the Holders of Allowed Claims in the particular Class to which an event of default has occurred.

## ARTICLE X - RETENTION OF
## JURISDICTION BY THE BANKRUPTCY COURT

10.1  **Jurisdiction of Bankruptcy Court.**  Upon Confirmation, the Bankruptcy Court shall retain jurisdiction of the Debtor's Reorganization Case for the following purposes:

A.  To hear and determine any and all pending applications for the rejection and disaffirmance, assumption or assignment of Executory Contracts or Unexpired Leases, any objection to Claims resulting therefrom and the allowance of Claims resulting therefrom.

B.  To hear and determine  any and all applications, adversary proceedings, applications, contested matters and other litigated matters pending on the Confirmation Date, and (ii)  to hear and determine any and all Estate Causes of Action, including, without limitation, all avoidance power recovery actions such as preference actions and fraudulent conveyance actions, whether pending on the Confirmation Date or commenced Post-Confirmation.

C. To ensure that the distributions to Holders of Claims and Interests are accomplished as provided herein.

D. To hear and determine any objections to Claims filed both before and after Confirmation of the Plan, including any objections to the classification of any Claim and to allow or disallow any Disputed Claim in whole or in part.

E. To enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified or vacated.

F. To hear and determine all applications for compensation of professionals and reimbursement of expenses except to the extent not required pursuant to the Plan.

G. To hear the Debtor's applications, if any, to modify the Plan in accordance with Section 1127 of the Bankruptcy Code. After Confirmation, the Reorganized Debtor may also, so long as it does not adversely affect the interest of Creditors, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or the Confirmation Order, in such manner as may be necessary to carry out the purposes and effects of the Plan.

H. To hear and determine disputes arising in connection with the Plan or its implementation, including disputes arising under agreements, documents or instruments executed in connection with this Plan.

I. To construe and to take any action to enforce the Plan and issue such orders as may be necessary for the implementation, execution and consummation of the Plan.

J. To take any action to resolve any disputes arising out of or relating to any Claim; to hear and determine other issues presented by or arising under the Plan; and to take any action to resolve any disputes of Creditors with respect to their Claims.

K. To determine such other matters and for such other purposes as may be provided in the Confirmation Order.

L. To hear and determine issues relating to, and issue any necessary orders with respect to, any governmental or regulatory agency or instrumentality.

M.  To hear and determine applications for orders sought pursuant to any provision of the Plan.

N.  To hear and determine any other matters not inconsistent with Chapter 11 of the Bankruptcy Code.

## ARTICLE XI - CONDITIONS PRECEDENT TO CONFIRMATION AND EFFECTIVENESS OF THE PLAN

11.1  **Conditions to Confirmation.**  Confirmation of this Plan shall not occur unless each of the following conditions has occurred or has been waived or extended by the Debtor:

A.  The Confirmation Order shall approve in all respects the provisions, terms and conditions of the Plan.

B.  The Confirmation Order shall be in a form and substance reasonably acceptable to the Debtor.  The Confirmation Order shall expressly authorize and direct the parties to fulfill their respective obligations under this Plan.

11.2  **Conditions to Effectiveness.**  Notwithstanding any other provision of the Plan or in the Confirmation Order, the Effective Date of the Plan shall not occur unless and until each of the following conditions has occurred or has been waived or extended by the Debtor:

A.  The Confirmation Order shall have become a Final Order.

## ARTICLE XII - DISCHARGE AND TITLE TO PROPERTY

12.1  **Discharge.**  Except as otherwise provided by the Plan or in the Confirmation Order, Confirmation shall operate as a discharge, pursuant to Bankruptcy Code Section 1141(d)(1) effective as of the Confirmation Date, of any and all debts or Claims against the Debtor, known or unknown, whether accrued before, on, or up to and including the Confirmation Date.  On the Confirmation Date, as to every discharged debt or Claim, the Creditor that held such debt or Claim shall be precluded from asserting against the Reorganized Debtor or against the Reorganized Debtor's Assets or properties, any other or further Claim based upon any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred prior to the

Confirmation Date. Without limiting the generality of the foregoing, upon the payment or deposit by the Reorganized Debtor of all amounts due to be paid on the Initial Distribution Date pursuant to the provisions of the Plan, and upon delivery of the various documents provided for by the Plan, the Debtor shall be discharged from any debt that arose before the Confirmation Date and any debt of any kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, to the full extent permitted by Section 1141(d) of the Bankruptcy Code.

12.2  **Vesting of Property.** Except as otherwise provided in this Plan or the Confirmation Order, upon Confirmation all Assets of the Debtor's Estate, wherever situated, shall vest in the Reorganized Debtor or its designees and shall be free and clear of all liens, security interests and Claims of Creditors, except obligations pursuant to the Plan and Confirmation Order and the liens and security interests, if any, granted or maintained pursuant to the Plan.

## ARTICLE XIII- MISCELLANEOUS PROVISIONS OF THE PLAN

13.1  **Governing Law.** Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights, duties and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New Jersey.

13.2  **Headings.** The headings of the articles, paragraphs and sections of this Plan are inserted for convenience only and shall not affect the interpretation hereof.

13.3  **Severability.** Should the Bankruptcy Court, or any other court of competent jurisdiction, determine that any provision in the Plan is either illegal on its face or illegal as applied to any Claim, such provisions shall be unenforceable either as to all Holders of Claims and/or Interests or as to the Holder of such Claim and/or Interest as to which the provision is illegal, respectively. Such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

13.4  **Revocation.** The Debtor reserves the right to revoke and withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws this Plan then the Plan shall be null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner

-21-

the rights of the Debtor or any Person in any further proceedings involving the Debtor, or be deemed an admission by the Debtor.

13.5   **The Failure to Satisfy a Confirmation Condition or an Effective Date Condition.** If one or more of the conditions to Confirmation or to the occurrence of the Effective Date that has not been waived by the Debtor is not satisfied, and the time within which such condition must be satisfied has expired, the Plan shall be deemed null and void, and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor, or be deemed an admission by the Debtor.

13.6   **Time.** In computing any period of time prescribed or allowed by this Plan, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday or, when the act to be done is the Filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this Plan, "legal holiday" includes New Years Day, the birthday of Martin Luther King Jr., Washington's birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day (and the day thereafter), the Chinese New Year, Yom Kippur (including the day before), Rosh Hashanah (both days), Christmas Day and any other day designated as a holiday by the President or by the Congress of the United States or by the State of New Jersey.

13.7   **Construction.** The rules of construction as set forth in Section 102 of the Bankruptcy Code shall apply to the construction of the Plan.

13.8   **Amendments.** Except as otherwise provided herein, the Plan may be amended, modified or supplemented by the Debtor before or after the Confirmation Date, in the manner provided for by Bankruptcy Code §1127 or as otherwise permitted by law without additional

disclosure pursuant to Bankruptcy Code §1125, except as the Bankruptcy Court may otherwise order.

13.9    **No Interest.** Except as expressly stated in this Plan, or allowed by Final Order of the Bankruptcy Court, no interest, penalty or late charge is to be allowed on any Claim subsequent to the petition date.

13.10    **No attorneys or professional fees.** No attorneys or professional fees will be paid with respect to any Claim unless Allowed by Final Order of the Bankruptcy Court.

13.11    **Amounts of Claims.** All references to Claims and amounts of Claims refer to the amount of the Claim allowed by Final Order by the Bankruptcy Court or by this Plan; provided, however, that Claims which have been objected to and which have not been allowed or disallowed prior to the date set for return of ballots shall not be voted and counted unless estimated by Order of the Bankruptcy Court. The Debtor and other interested parties reserve the right, both before and after Confirmation, to object to Claims so as to have the Bankruptcy Court determine the Allowed amount of such Claim to be paid under this Plan.

13.12    **No Waiver of Discharge.** Except as otherwise specifically provided herein, nothing in this Plan shall be deemed to waive, limit or restrict in any way the discharge granted to the Debtor upon Confirmation of the Plan in Bankruptcy Code §1141 .

13.13    **Confirmation Over Objection.** If any impaired Class of Creditors shall fail to accept the Plan, the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with the applicable provisions of Bankruptcy Code §1129(b).

13.14    **Exculpation.** Neither the Debtor nor any of the Debtor's employees, attorneys, accountants or agents shall have or incur any liability to any Creditor or party-in-interest for any act or omission in connection with or arising out of their administration of this Reorganization Case, the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence.

13.15    **Notices.** All notices, requests or demands for payments provided for in the Plan shall be in writing and shall be deemed to have been given when personally delivered by hand or

deposited in any general or branch post office of the United States Postal Service. Notices, requests and demands for payments shall be addressed and sent postage pre-paid or delivered in the case of notices, requests or demands for payments to the Debtor to Telebrands Corp., One Telebrands Plaza, Fairfield, New Jersey 07004, Attention: A. J. Khubani, with a copy to Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attention: Jeffrey D. Prol, Esq.

13.16  **Plan Controls Disclosure Statement.**  In the event and to the  extent that any provision of the Plan is inconsistent with any provision of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

13.17  **Filing of Additional Documents.**  On or before substantial consummation of the Plan, the Debtor shall file with the Bankruptcy Court such agreements or other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

13.18  **Reservation of Rights.**  If the Plan is not confirmed by the Bankruptcy Court or any other Court of competent jurisdiction for any reason, the rights of the Debtor and all parties in interest in the Debtor's Chapter 11 bankruptcy case shall and will be reserved in full.  Statements and provisions made in the Plan or in the Disclosure Statement are made only for the purpose(s) of the Plan.  If the Plan is withdrawn, the Confirmation Order is not entered, or if an Effective Date does not occur, no Person shall be bound by or deemed prejudiced by any such statement or provision.

13.19  **Direction to a Party.**  From and after the Effective Date, the Reorganized Debtor may apply to the Bankruptcy Court for the entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect a transfer of properties dealt with by this Plan, and to perform any other act (including the satisfaction of any lien or security interest) that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

13.20  **Blank Ballots.**  Any ballot which is executed by the Holder of an Allowed Claim or Interest but which does not indicate an acceptance or rejection of the Plan shall be deemed to be an acceptance of the Plan.

13.21  **Release of Claims.**  With respect to any and all Claims or causes of action which have arisen prior to the  Confirmation Date, whether presently known or thereafter discovered, the rights afforded to Holders of Claims and/or Interests by and in the Plan shall be in exchange for and a complete release, settlement, satisfaction and discharge of all Claims and/or Interests of any kind or nature whatsoever against the Debtor, and acceptance of payments and/or distributions under the Plan shall, and shall be deemed irrevocably to generally release any and all Claims of any type, kind or nature whatsoever against the Debtor and against any of the Debtor's insiders, officers, directors, shareholders, employees, agents, attorneys, representatives, accountants, financial advisors, successors and assigns and all other entities.

13.22  **Successors and Assigns.**  The rights, duties and obligations of anyone named or referred to in this Plan shall be binding on, and shall inure to the benefit of, the successors and assigns of such Person.

13.23  **Setoff.**  The Debtor may, but shall not be required to, setoff against any Claim and against the payments and/or distribution of other property to be made under the Plan in respect to such Claim, any claims of any nature whatsoever the Debtor may have against the Holder of a Claim, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver by the Debtor of any such claim the Debtor may have against such Holder.

## SIGNATURE

LOWENSTEIN SANDLER, P.C.

By: _____
      Sharon L. Levine, Esq.

Dated:  November 9, 2000