**LARRY LESNIK**
RAVIN GREENBERG PC
Attorneys for Official Committee
of Unsecured Creditors
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 226-1500
LL 2031

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TELEBRANDS CORP., | : | |
| Debtor. | : | Case No. 00-39548/NLW |
| | : | |
| | : | |
| OFFICIAL COMMITTEE OF | | |
| UNSECURED CREDITORS, | : | |
| Plaintiff, | : | Adv. Pro. No. |
| v. | : | |
| KC (ASIA) LIMITED, | : | |
| Defendant. | : | |

**ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. SECTIONS 547 AND 550**

The Official Committee of Unsecured Creditors (the "Committee") of Telebrands

Corp., by and through its undersigned attorneys, alleges and states as follows:

**INTRODUCTION**

1.      On September 29, 2000 (the "Petition Date"), Telebrands Corp. (the

"Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2.      On December 29, 2000, an order was entered confirming the Third Amended Plan of Reorganization of Telebrands Corp. (the "Plan").

3.      Pursuant to Article 6.5 of the Plan, the Committee has been authorized to prosecute all causes of action of the Debtor pursuant to Sections 544-551 and 553 of the Bankruptcy Code (the "Causes of Action").

4.      Accordingly, the Debtor conveyed the Causes of Action to the Committee pursuant to the Plan and the Reorganized Debtor (as such term is used in the Plan) retained no interest in the Causes of Action or the proceeds thereof.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

6.      This adversary proceeding has been brought in accordance with Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

7.      Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. Section 1409.

8.      This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

9.      This matter arises under 11 U.S.C. Sections 547 and 550.

## COUNT I

## AVOIDANCE OF PREFERENTIAL TRANSFER

10.     The Committee repeats and realleges paragraphs 1 - 9 as if fully set forth herein.

2

11.    Within 90 days of the Petition Date, the Debtor paid defendant KC (Asia) Limited ("KC"), a corporation with a United States business address of 8717 Southwest 147 Place, Miami, FL  33193 a total of $657,158.52 (the "KC Preferential Payments") pursuant to the following payments:

| Check Clearance Date | Check No. | Check Amount |
|---|---|---|
| 7/12/00 | N/A | $300,000.00 |
| 7/12/00 | 585 | $57,158.52 |
| 7/12/00 | 589 | $300,000.00 |

12.    The KC Preferential Payments made by the Debtor to KC constitute transfers of interest of the Debtor in property:

(a)    To or for the benefit of a creditor;

(b)    For or on account of an antecedent debt made by the Debtor before the transfers were made; and

(c)    Made while the Debtor was insolvent.

13.    The KC Preferential Payments enabled KC to receive more than it would receive if:

(a)    The case was a case under Chapter 7 of the Bankruptcy Code;

(b)    The transfers had not been made; and

(c)    KC received payment of such debt to the extent provided by the provisions of Title 11.

14.    After crediting KC for any new value given thereby to the Debtor within 90 days of the Petition Date, the amount of the Preferential Payments made by the Debtor to KC which is voidable pursuant to 11 U.S.C. §547(b) is $657,158.52.

3

15.    By reason of the foregoing, the Preferential Payments made by the Debtor to KC net of any new value provided thereby is voidable by the Committee pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, the Committee requests the entry of a judgment against KC as follows:

(a)    Avoiding the KC Preferential Payments;

(b)    Directing KC to immediately pay the Committee the sum of $657,158.52 together with post-judgment interest thereon;

(c)    Awarding to the Committee costs, expenses and reasonable attorneys' fees; and

(d)    Granting such other and further relief as the Court deems just and equitable.

## COUNT II

## RECOVERY OF PREFERENTIAL TRANSFER

16.    The Committee repeats and realleges Paragraphs 1 through 15 as if fully set forth herein.

17.    Upon information and belief, KC was the initial transferee of the KC Preferential Payments, the person for whose benefit the KC Preferential Payments were made, or the beneficial transferee thereof.

18.    Pursuant to 11 U.S.C. Section 550, the Committee is entitled to recover the KC Preferential Payments, net of new value, together with post-judgment interest thereon at the maximum legal rate.

4

WHEREFORE, the Committee requests the entry of a judgment against KC as follows:

(a)　　Avoiding the KC Preferential Payments;

(b)　　Directing KC to immediately pay the Committee the sum of $657,158.52 together with post-judgment interest thereon;

(c)　　Awarding the Committee costs, expenses and reasonable attorneys' fees; and

(d)　　Granting such other and further relief as the Court deems just and equitable.

> RAVIN GREENBERG PC
> Attorneys for Official Committee
> Of Unsecured Creditors

Dated: September 26, 2002　　　　By: /s/ Larry Lesnik
　　　　　　　　　　　　　　　　　　　　　Larry Lesnik

\\Server\public\Telebrands\Preference\Complaint.KCAsia.wpd
092602