Jack Meyerson, Esquire
Debora A. O'Neill, Esquire
LAW OFFICES OF JACK MEYERSON
515 Grove Street
Suite 3-D
Haddon Heights, NJ 08035
(856) 665-3332

David Wolff, Esquire
HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center
Newark, NJ 07102-5386
(973) 621-9020
DW/1993
Attorneys for Ellen A. LoBiondo and Lori LoBiondo



FILED
JAMES J. WALDRON, CLERK
JUN 3 0 2003
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____DEPUTY

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>TELEBRANDS CORP.,<br><br>Reorganized Debtor. | : Chapter 11<br>:<br>: Case No. 00-39548 (NLW)<br>:<br>: Honorable Novalyn L. Winfield<br>:<br>: Hearing Date: July 28, 2003<br>: Hearing Time: 10:00 a.m. |

### MEMORANDUM OF ELLEN A. LOBIONDO AND LORI LOBIONDO IN OPPOSITION TO THE REORGANIZED DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DATED MAY 19, 2003

TO:   HONORABLE NOVALYN L. WINFIELD
      UNITED STATES BANKRUPTCY JUDGE
      FOR THE DISTRICT OF NEW JERSEY

Ellen LoBiondo, an incapacitated person and her guardian Lori LoBiondo, by and

through their undersigned counsel, the Law Offices of Jack Meyerson and Hellring

Lindeman Goldstein & Siegal LLP, submit this memorandum and Certification of

Debora A. O'Neill, Esquire with attached Exhibits in opposition to the motion of

Telebrands Corp. seeking reconsideration of the Court's Order dated May 19, 2003. The Order concerns prosecution of the claim of Ellen LoBiondo in the state court action pending in the Philadelphia Court of Common Pleas captioned <u>LoBiondo et al.</u>, v. <u>Vitaquest International, Inc., et. al.</u>, October Term, 2001, No. 4288.

I. **ARGUMENT**

    A. **Telebrands' Motion Is an Attempt to Gain Strategic Advantage in Discovery And Interfere With The Progression of The State Court Litigation.**

Ms. LoBiondo remains severely incapacitated as a result of a stroke she suffered following ingestion of Metabolize And $ave, a dietary supplement containing both ephedrine and caffeine which was produced, distributed and sold by Telebrands Corp. ("Telebrands"). Following a hearing on March 3, 2003 and a telephone conference with counsel on May 16, 2003, this Court ruled that Ms. LoBiondo's pre-petition claims pleaded in the state court action may proceed "against Telebrands to determine the liability and damages owed, if any, to Ellen LoBiondo by Telebrands, and any damages awarded to LoBiondo may not be recovered from Telebrands, but only from any applicable insurance policy." Order of May 19, 2003 at paragraph 2, attached as Exhibit "A" to Certification of Debora A. O'Neill. After the ruling, the parties obtained a new case management schedule from the Philadelphia Court of Common Pleas which sets a discovery deadline of August 4, 2003 and a trial readiness date of February 2, 2004.

Again, Telebrands seeks to use motion practice in this Court to interfere with and restrict the progression of the state court action commenced on behalf of Ellen

2

LoBiondo. Although Telebrands' motion is styled as relating solely to the cross-claims of the co-defendants in the state court litigation, review of Telebrands' motion papers reveals that, in reality, Telebrands is trying to resurrect the argument that it should be designated as nothing more than "a nominal defendant" in the state court proceedings. Then, Telebrands will move this Court again seeking to restrict discovery, preclude evidence and modify the pleadings in the state court action.

All of this unnecessary motion practice is designed to drive up the costs of litigation for plaintiff and slow down trial of the state court case. See for example, Telebrands' motion at paragraph 1 where it contends that "allowing Telebrands to be named as a defendant in the state court action . . . creates a potential for unintended personal liability." Telebrands clearly plans to use continuing motion practice in this Court to circumvent the progression of the state court litigation and attempt to obtain evidentiary rulings and relief here which it cannot obtain in state court. See for example paragraph 19 of Telebrands' motion which states "This alternative **would permit Telebrands to move for dismissal in the state court action or to seek further relief from this Court as discovery unfolds in the state court action** and Cross-Claimants come forward with the specifics of their claims."

The Court's Order of May 19, 2003 does not need any clarification or amendment regarding Telebrands' role as a defendant in the state court action. Further, as set forth below, the Court properly determined that the cross-claims of defendants are post-petition claims and, therefore, are not discharged by the Confirmation Order dated December 29, 2000. Accordingly, Telebrands' motion for

reconsideration should be denied in its entirety.

### B. The Court Properly Determined That the Contribution and Indemnity Claims of the Co-Defendants Are Post-Petition Claims Which Cannot Be Discharged under Telebrands' Plan of Reorganization.

The common law contribution and indemnity cross-claims of the co-defendants in Ellen LoBiondo's state court action are clearly post-petition claims which cannot be barred by the confirmation order. The Third Circuit in In re Frenville Co., Inc., 744 F.2d 332, 336 (3rd Cir. 1984), cert denied, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed 2d 925 (1985) specifically analyzed this question and determined that the issue of when a right to payment for an indemnity or contribution claim arises is determined by state law.

The rationale for the holding in Frenville is that although the Bankruptcy Code defines a claim broadly under Section 104(4), it does not define when a right to payment arises. Therefore, in the Third Circuit, "the threshold question of when a right to payment arises, absent overriding federal law, is to be determined by reference to state law." Id., 744 F.2d at 337. This rule was later reaffirmed in In re Remington Rand Corp., 836 F.2d 825, 830 (3d Cir. 1988) where the Court made clear again that absent some clear "overriding federal policy", state law governs the right to payment inquiry. Simply stated, Telebrands can point to no federal law creating substantive obligations which distinguishes the cross-claims of defendants in this case from In re Frenville.

Frenville involved the issue of whether an indemnification action was subject to the automatic stay where the underlying acts of the alleged tortfeasors occurred pre-petition and the tortfeasor indemnification action was filed post-petition. New York law

governed the dispute in Frenville and provided that indemnification claims do not arise until the original plaintiff brings a suit against the tortfeasor-indemnities.

Under Pennsylvania law, it is well established that a right to contribution arises where one joint tortfeasor has discharged the common liability or paid more than his pro rata share; and the liability of the other joint tortfeasor has been extinguished. Swartz v. Sunderland, 403 Pa. 222, 224, 169 A.2d 289 (1961); Kovalesky v. Giant Rug Market, 422 Pa. Super. 116, 119, 618 A.2d 1044 (1993); 42 Pa. Cons. Stat. Ann. §§8322, 8324(c). The LoBiondo state court complaint was filed in October 2001, after the confirmation order dated December 29, 2000. Neither of the above two pre-conditions to a right of contribution has occurred as of the date of this motion. Similarly, common law indemnity claims can arise only after payment of the claim is made. F.J. Schindler Equipment Co., v. The Raymond Co., 274 Pa. Super. 530, 418A.2d 533 (1980) ("It is clear that before the right of indemnification arises, the indemnitor must in fact pay damages to a third party."); Great American Insurance Co. v. Geris, 3 Pa. D. & C. 4th 211 (1987); Sleasman v. Brooks, 32 Pa. D. & C.3d 187 (1984).

Telebrands also asserts that its contractual indemnity obligations for Ms. LoBiondo's claims are barred by the discharge order. However, for over one year in the state court litigation, the defendants Telebrands and General Nutrition Corporation, GNC/General Nutrition Center (hereafter collectively "GNC") have been represented by the same counsel because Telebrands under a contractual indemnity provision in the GNC purchase order agreed to indemnify GNC and also named GNC as an additional insured on the Telebrands' general liability policy. See GNC answer to interrogatory no. 25, Exhibit "B" attached to the Certification of Debora A. O'Neill.

Clearly, both Telebrands' and GNC's insurers have viewed the contractual indemnity claim as arising post-petition following the commencement of the lawsuit by Ellen LoBiondo in October 2001. These actions of the insurers are in complete agreement with the rule stated by the Third Circuit in In re Frenville:

> the existence of a valid claim depends on (1) whether the claimant possessed a right to payment; and (2) when that right arose. . . . For example, an indemnity or surety agreement creates a right to payment, albeit contingent, between the contracting parties immediately upon the signing of the agreement. . . . In Frenville, however, we held that a third-party's indemnity or contribution claim did not arise before the bankruptcy petition because, under state law, third parties do not possess any rights until the contracting parties first establish a primary obligation to pay.

In re Remington Rand Corp., 836 F.2d at 830. Further, Telebrands and GNC continue to be represented in both this Bankruptcy Court and in the state court litigation by the same law firm, Conrad, O'Brien, Gellman & Rohn, P.C. even though Telebrands' motion regarding any claim of GNC against it raises a clear conflict of interest for their counsel. All of which is to say, no one, neither insurers nor named defendants, seriously views these cross-claims as arising pre-petition under Third Circuit law. Accordingly, Telebrands has no basis to seek reconsideration of the Court's ruling on any portion of the contribution and indemnity cross-claims in the LoBiondo state court action.

## CONCLUSION

For all the foregoing reasons, Telebrands' motion for reconsideration should be dismissed in its entirety and Ellen LoBiondo's claim should be permitted to proceed in the Philadelphia Court of Common Pleas without further motion practice in the

Bankruptcy Court.

Respectfully submitted,

Dated: June 27, 2003

Jack Meyerson, Esquire
Debora A. O'Neill, Esquire
LAW OFFICES OF JACK MEYERSON
515 Grove Street
Suite 3-D
Haddon Heights, NJ 08035
(856) 665-3332


David Wolff, Esquire [DW/1993]
HELLRING LINDEMAN GOLDSTEIN &
  SIEGAL LLP
One Gateway Center
Newark, NJ 07102-5386
(973) 621-9020

Attorneys for Ellen A. LoBiondo
and Lori LoBiondo